**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Maryann G. Cruz, | ) | No. CV-11-0077-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Michael J. Astrue, | ) | |
| Defendant. | ) | |

Almost a year ago, on August 8, 2011, we granted the Commissioner's motion to remand this case to the Social Security Administration to allow the Commissioner to supplement the administrative record (doc. 15). We ordered the Commissioner to file his modified findings and decision with this court no later than May 15, 2012. After that deadline passed without a word from the Commissioner, we issued an order requiring the Commissioner to either supplement the findings and record no later than June 15, 2012, or we would vacate the remand and reinstate the appeal. The Commissioner responded by saying only that a hearing on plaintiff's claim is scheduled for September 6, 2012, giving no indication when the record or findings would be supplemented.

We are well aware of the scandalous delay in the processing of social security cases by the Commissioner. In this case, the administrative law judge denied plaintiff's application for benefits on October 23, 2008. It took the Appeals Council two years just to deny review

of the ALJ's decision. It is now almost two years since the Appeals Council denied review and the Commissioner continues to indefinitely delay a final decision on plaintiff's application for benefits, now in contemptuous disregard of our orders.

This case involves the denial of benefits during a closed period of disability commencing July 13, 2006, and ending June 30, 2009. In a separate application for benefits, plaintiff was found to be disabled as of July 1, 2009 and continuing.

Because the Commissioner has failed to comply with our deadlines on remand, we now vacate the order remanding the case to the Commissioner. We consider the Commissioner's request for remand and subsequent failure to comply with our orders a confession of error with regard to its decision denying benefits during the closed period. Accordingly, we reverse the decision of the Commissioner finding that plaintiff was not disabled and remand this case for an immediate award of benefits during the closed period.

**IT IS ORDERED VACATING** the remand, **REVERSING** the Commissioner's decision denying benefits, and **REMANDING** this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for an immediate award of benefits during the closed period commencing July 13, 2006, and ending June 30, 2009.

DATED this 3rd day of July, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -