**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Maryann G. Cruz, | ) | No. CV-11-0077-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Michael J. Astrue, | ) | |
| Defendant. | ) | |

Before us is defendant Commissioner of Social Security Administration's motion for reconsideration (doc. 20), and memorandum in support (doc. 21), asking us to reconsider our order dated July 5, 2012, in which we vacated our order remanding the case to the Commissioner for further proceedings, reversed the Commissioner's denial of benefits, and remanded for an award of benefits for the closed period from July 13, 2006 to June 30, 2009.

The Commissioner asks us to reconsider that order, arguing that we are without authority to award benefits because there has been no finding that plaintiff has met the statutory criteria for disability during the closed period. We disagree.

Without offering an explanation, and after months of delay, the Commissioner failed to comply, on two occasions, with our express orders to file supplemental findings and conclusions. The government has ignored its promise to reconsider its original benefits decision, has contemptuously ignored court orders, and is now in default. As we held in our

July 5, 2012 order, the Commissioner's failure to comply with court orders is properly construed as a confession of error with regard to its decision denying benefits. We may deem as established claims contained in the complaint, and an award of benefits is appropriate.[1]

A district court has statutory authority to order the Commissioner to submit memoranda of law, supplement the record, and submit supplemental findings. 42 U.S.C. § 405(g). A court also has an "inherent power" necessarily vested in courts "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43-46, 111 S. Ct. 2123, 2132-33 (1991). The Commissioner, like any other litigant, has a duty to timely defend cases, and obey court orders. To allow a litigant, especially an agency of the federal government, to blatantly ignore an order of the court would impair the court's fundamental ability to function.

While the government's most recent offer of an August 1 hearing has superficial appeal, Memorandum at 5, the government's position is so pernicious that we cannot honor it. Under the government's approach, it could repeatedly stonewall, delay, and default and the court would be powerless to do anything. This is not how the system works. We have an obligation to insure that litigation filed in this court proceeds in an orderly fashion and that the private litigant obtains an expeditious adjudication of her legal rights. Plaintiff filed this action for judicial review of an agency decision. The agency is now obligated to comply with the rules and orders of this court. Its contemptuous failure to meet its obligations properly results in a finding of confession of error and default.

Plaintiff's benefits claim was originally denied by an administrative law judge almost 4 years ago. It took the Appeals Council 2 years just to deny review. We granted the Commissioner's request to remand the case for further proceedings a year ago, and still the Commissioner has taken no action whatsoever, in disregard of court orders that it do so. This case is but one example of the unacceptable delay inherent in the Social Security

---

[1] As a practical matter we note that all that is at stake here is a closed 3-year period of benefits. In a separate application for benefits, plaintiff was found to be disabled as of July 1, 2009, and continuing.

1  Administration's dismal track record in resolving claims. In 2011, 3.3 million people applied
2  for disability benefits. In September of that year, a record 771,318 were waiting to have their
3  cases heard on appeal by administrative law judges. Damian Paletta, <u>Growing Case Backlog</u>
4  <u>Leaves the Terminally Ill Waiting</u>, Wall Street Journal, Dec. 28, 2011,
5  http://online.wsj.com/article/SB10001424052970204296804577121401602777764.html.
6  This court is unwilling to contribute to that delay.

**IT IS ORDERED DENYING** the motion for reconsideration (doc. 20).

DATED this 23rd day of July, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge